IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ALLEN PEARL and RACHEL PEARL, as parents and next friends to BRODIE A. PEARL, a minor, )<br>)<br>)<br>)<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>MAD ENGINE, INC., et al. )<br>)<br>    Defendants. ) | Case No.:<br>_____ |

## NOTICE OF REMOVAL

The Defendant, Mad Engine, Inc., hereby gives notice of its removal to the United States District Court for the Northern District of Alabama of the case *Allen Pearl and Rachel Pearl, as parents and next friends to Brodie A. Pearl, a minor v. Mad Engine, Inc.*, CV-2012-900060, Circuit Court of Marion County, Alabama.

**I.   Background**

The above-referenced civil action was commenced in the Circuit Court of Marion County, Alabama on August 3, 2012, and is now pending therein. The Complaint named Mad Engine, Inc. as the sole Defendant. The Complaint is brought by Allen Pearl and Rachel Pearl as parents and next friends of Brodie A. Pearl, a minor, and alleges that on April 14, 2012, Brodie A. Pearl was warming himself near

an electrical wall heater and sustained serious and life-threatening bodily injuries from third degree burns over 18 percent of his total body surface when the "Amazing Spiderman" t-shirt that he was wearing ignited into flames without warning. The Complaint also alleges that the Plaintiff Rachel Pearl witnessed Brodie A. Pearl "frantically running through their house shouting out in pain with his upper body covered in fire" and that "stricken with horror, [she] grabbed her son out of pure impulse and was able to extinguish the fire with water …". During the process of extinguishing the fire, the complaint alleges that Rachel Pearl also experienced minor burns to her hands and arms. The complaint further alleges that Brodie Pearl was air lifted to the Burn Center at Children's Hospital in Birmingham, Alabama, and remained hospitalized from April 14, 2012 until May 22, 2012. According to the Complaint, Brodie Pearl has undergone approximately 11 surgeries and it is estimated that he will undergo approximately 40 additional surgeries in the future, including skin grafts and plastic or reconstructive surgery and will be required to wear a compression body suit for the next 3 to 5 years. The Complaint also alleges that Brodie Pearl will experience abnormal bodily development "such as his body's inability to develop nipples and grow hair in certain areas, including growing a beard." The Complaint alleges that Brodie Pearl has "continuously experienced flash backs, nightmares, anxiety, and other apprehensions and fears, and there are no indications that [he] will ever completely forget his terrifying and traumatic experience."

The Complaint alleges claims against Defendant Mad Engine, Inc. based on negligence (Count I); wantonness (Count II); failure to warn (Count III); negligent infliction of emotional distress (Count IV); Alabama Extended Manufacturer Liability Doctrine (Count V); breach of implied warranty (Count VI); and breach of warranty of fitness for a particular purpose (Count VII).

Submitted with this Notice of Removal is a copy of all process, pleadings, and orders served on the Defendant (Exhibit A).

## II.   Basis for Removal

The United States District Court would have had original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The Plaintiffs, Allen Pearl, Rachel Pearl, as parents and next friends of Brodie A. Pearl, a minor, are all resident citizens of Marion County, Alabama. The sole Defendant, Mad Engine, Inc., is a corporation organized under the laws of California with its principal place of business in San Diego County, California. Although the amount of damages is not specified in the complaint, the factual allegations of the Complaint clearly indicate that the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, removal is proper under 28 U.S.C. § 1441 based on diversity jurisdiction.

## III.   Timeliness of Removal

The Plaintiffs filed the Complaint on August 3, 2012 and the Defendant was served with the Summons and a copy of the Complaint on August 6, 2012 by U.S.

Certified Mail. The Defendant has timely filed this Notice of Removal within thirty (30) days of service of process. 28 U.S.C. § 1446.

  IV. By filing this Notice of Removal, the Defendant does not waive any defenses to which it is entitled under the law.

           Respectfully submitted,

           **s/ H.C. Ireland, III**
           H.C. Ireland, III   (IRE001)
           J. Michael Cooper (COO037)
           Attorneys for Defendant, Mad Engine, Inc.
           PORTERFIELD, HARPER, MILLS, MOTLOW & IRELAND, PA
           22 Inverness Center Parkway, Suite 600
           Birmingham, Alabama 35242-4821
           Telephone: 205.980.5000
           Facsimile: 205.980.5001
           Email: ireland@phm-law.com
              jmc@phm-law.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **ALLEN PEARL and RACHEL PEARL, as parents and next friends to BRODIE A. PEARL, a minor,** ) ) ) ) ) | |
| **Plaintiffs,** ) ) | **Case No.:** _____ |
| **v.** ) ) | |
| **MAD ENGINE, INC., et al.** ) ) | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the foregoing on the following by filing same with the CM/ECF system, which will send electronic notice to:

Byron G. McMath
Ontkeno K. Boman
McMATH LAW FIRM, P.C.
301 West 20th Street
Jasper, Alabama 35501
Telephone: 205-221-2826
Facsimile: 205-221-4680
Email: byronlaw@bellsouth.net
           Byronlaw5@bellsouth.net

Done this the 30th day of August, 2012.

> s/H. C. Ireland, III
> OF COUNSEL