FILED

2012 Sep-05  PM 01:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **ALLEN PEARL and RACHEL PEARL, as parents and next friends to BRODIE A. PEARL, a minor,** ) ) ) ) ) | |
| **Plaintiffs,** ) | **Case No.: 7:12-CV-02850-TMP** |
| ) | |
| **v.** ) | |
| ) | |
| **MAD ENGINE, INC., et al.** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER

COMES NOW Defendant Mad Engine, Inc., ("Mad Engine"), and in answer to the Complaint filed by the Plaintiffs, states:

## PARTIES

1.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in Paragraph 1 of the Complaint.

2.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in Paragraph 2 of the Complaint.

3.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in Paragraph 3 of the Complaint.

4.      Defendant admits that it is incorporated in San Diego County, California.

Defendant denies that it has directed its product(s) to Marion County, Alabama, City of Hamilton.

5.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Defendant has removed this case to Federal Court by filing a Notice of Removal on August 30, 2012 pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction) and 28 U.S.C. § 1441. Defendant therefore denies that jurisdiction and venue are proper in the Circuit Court of Marion County, Alabama.

7.      Defendant has removed this case to Federal Court by filing a Notice of Removal on August 30, 2012, pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction) and 28 U.S.C. § 1441. Defendant therefore denies that venue is proper in the Circuit Court of Marion County, Alabama.

## FACTUAL ALLEGATIONS

8.      Defendant reasserts the Defenses to each and every allegation of the Complaint contained in the preceding paragraphs as if fully set out herein.

9.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in Paragraph 9 of the Complaint.

10.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in Paragraph 10 of the Complaint.

11.     Defendant lacks knowledge or information sufficient to formulate a response to the allegations in Paragraph 11 of the Complaint.

12.     Defendant lacks knowledge or information sufficient to formulate a response to the allegations in Paragraph 12 of the Complaint.

13.     Defendant lacks knowledge or information sufficient to formulate a response to the allegations in Paragraph 13 of the Complaint.

14.     Defendant lacks knowledge or information sufficient to formulate a response to the allegations in Paragraph 14 of the Complaint.

15.     Defendant lacks knowledge or information sufficient to formulate a response to the allegations in Paragraph 15 of the Complaint.

16.     Defendant lacks knowledge or information sufficient to formulate a response to the allegations in Paragraph 16 of the Complaint.

## COUNT ONE
### (Negligence)

17.     Defendant reasserts the Defenses to each and every allegation of the Complaint contained in the preceding paragraphs as if fully set out herein.

18.     Denied.

19.     Denied.

20.     Denied.

Defendant denies that Plaintiffs are entitled to judgment against this Defendant

and denies that Plaintiffs are entitled to compensatory and punitive damages, costs of court, or any other related costs.

## COUNT TWO
### (Wantonness)

21.    Defendant reasserts the Defenses to each and every allegation of the Complaint contained in the preceding paragraphs as if fully set out herein.

22.    Denied.

23.    Denied.

24.    Denied.

Defendant denies that Plaintiffs are entitled to judgment against this Defendant and denies that Plaintiffs are entitled to compensatory and punitive damages, costs of court, or any other related costs.

## COUNT THREE
### (Failure to Warn)

25.    Defendant asserts the Defenses to each and every allegation of the Complaint contained in the preceding paragraphs as if fully set out herein.

26.    Denied.

27.    Denied.

28.    Denied.

Defendant denies that Plaintiffs are entitled to judgment against this Defendant and denies that Plaintiffs are entitled to compensatory and punitive damages, costs of

court, or any other related costs.

## COUNT FOUR
### (Negligent Infliction of Emotional Distress)

29.    Defendant asserts the Defenses to each and every allegation of the

Complaint contained in the preceding paragraphs as if fully set out herein.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

Defendant denies that Plaintiffs are entitled to judgment against this Defendant

and denies that Plaintiffs are entitled to compensatory and punitive damages, costs of

court, or any other related costs.

## COUNT FIVE
### (Alabama Extended Manufacturer Liability Doctrine)

34.    Defendant asserts and incorporates the Defenses to each and every

allegation of the Complaint contained in the preceding paragraphs as if fully set out

herein.

35.    Denied.

36.    Denied.

37.    Denied.

Defendant denies that Plaintiffs are entitled to judgment against this Defendant

and denies that Plaintiffs are entitled to compensatory and punitive damages, costs of court, or any other related costs.

## COUNT SIX
### (Breach of Implied Warranty)

38.   Defendant asserts and incorporates the defenses to each and every allegation of the Complaint contained in the preceding paragraphs as if fully set out herein.

39.   Denied.

40.   Denied.

41.   Denied.

Defendant denies that Plaintiffs are entitled to judgment against this Defendant and denies that Plaintiffs are entitled to compensatory and punitive damages, costs of court, or any other related costs.

## COUNT SEVEN
### (Breach of Warranty of Fitness for a Particular Purpose)

42.   Defendant asserts and incorporates the defenses to each and every allegation of the Complaint contained in the preceding paragraphs as if fully set out herein.

43.   Denied.

44.   Denied.

45.   Denied.

Defendant denies that Plaintiffs are entitled to judgment against this Defendant and denies that Plaintiffs are entitled to compensatory and punitive damages, costs of court, or any other related costs.

## INJURIES & DAMAGES

a.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in this paragraph of the Complaint.

b.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in this paragraph of the Complaint.

c.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in this paragraph of the Complaint.

d.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in this paragraph of the Complaint.

e.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in this paragraph of the Complaint.

f.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in this paragraph of the Complaint.

g.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in this paragraph of the Complaint.

h.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in this paragraph of the Complaint.

i.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in this paragraph of the Complaint.

j.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in this paragraph of the Complaint.

k.      Defendant lacks knowledge or information sufficient to formulate a response to the allegations in this paragraph of the Complaint.

l.      Denied.

Defendant denies that Plaintiffs are entitled to judgment against this Defendant and denies that Plaintiffs are entitled to compensatory and punitive damages, costs of court, or any other related costs.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

1.      The Complaint filed in this action fails to state a claim upon which relief may be granted.

2.      Defendant pleads the defense of superseding cause.

3.      Defendant pleads the defense of intervening cause.

4.      Plaintiffs failed to act reasonably.

5.      Plaintiffs failed to mitigate their damages.

6.      Plaintiffs caused their own damages.

7.      Defendant denies that its action or inaction caused or contributed to cause

the Plaintiffs' injuries in any manner.

8.      Defendant pleads the defense of contributory negligence.

9.      Defendant pleads the defense of assumption of the risk.

10.     Plaintiffs' claims are or may be barred in whole or in part by *estoppel*, waiver, and/or *laches*.

11.     Defendant pleads the affirmative defense of an act of God.

12.     Plaintiffs' claims are, or may be, barred by the applicable statute of limitations and/or the statute of repose.

13.     Defendants lacked any duty to the Plaintiffs.

14.     Plaintiffs have no contractual or legal basis for seeking damages from these Defendants.

15.     Defendant asserts lack of privity with Plaintiffs.

16.     Defendant asserts that any defect or lack of warning that is alleged to have caused damages was not within the direction and/or control of the Defendant, and that this product was sold as a "closed container."

17.     The Plaintiffs should not recover punitive damages of this Defendant for that punitive damages violate the Constitution of the United States and the Constitution of the State of Alabama.

18.     The Plaintiffs should not recover punitive damages of this Defendant for that the award of punitive damages violates due process afforded by the Fifth and

Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

19.     The Plaintiff should not recover punitive damages of these Defendants for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

20.     The Plaintiff should not recover punitive damages of these Defendants for an assessment of punitive damages in excess of the amount that would be assessed under the criminal statutes of the Alabama Criminal Code violates the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Constitution of the State of Alabama.

21.     The Plaintiff should not recover punitive damages of these Defendants in any action based on contact, since an assessment of punitive damages in a contract action violates the contracts clause of the United States Constitution, Article I, Section 10.

22.     The Plaintiff should not recover of these Defendants for punitive damages, since the Complaint alleges intentional wrongful conduct or conduct involving malice based upon acts of an agent or employee of said Defendants.

23.     A punitive damage award of the amount requested is impermissible under the Excessive Fines clause of the Eighth Amendment to the United States Constitution.

24.     A lack of sufficient standards governing punitive damages awards in Alabama violates the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

25.     Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the Defendant; which hereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded fail to

provide specific standards for the amount of the award of punitive damages which hereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States constitution; and

(g)     The procedure pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

26.     Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, based on the following grounds:

(a)     It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiffs satisfying a burden of proof less than the "beyond the reasonable doubt" burden of proof required

in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(e)     The award of punitive damages in this case constituted a deprivation of property without due process of law.

27.     Plaintiff's attempt to impose punitive damages or extracontractual damages on these Defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

28.     The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States constitution.

29.     The procedures pursuant to which punitive damages are awarded permit the imposition of an excess fine in violation of Article I, Section 15, of the Constitution of Alabama.

30.     These Defendants specially plead the limitations set forth in Section 6-11-

21 of the Alabama Code.

31.    These Defendants pleads the punitive damages cap and avers that the abolishment of the cap by the Alabama Supreme Court was unconstitutional and without effect.

32.    These Defendants aver that the Alabama Supreme Court cannot abolish the cap for punitive damages established by the legislature and the attempt to abolish the cap violates the Constitutions of the United States and the State of Alabama.

33.    The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Alabama from imposing a grossly excessive punishment by way of punitive damages on these Defendants.

34.    This Defendant avers all the defenses set out by the United States Supreme Court in BMW of North American v. Gore, 517 U.S. 559 (1996).

35.    Plaintiffs' claims for damages are subject to the provisions of Ala. Code § 12-21-45 (1975).

36.    Plaintiffs' claims for punitive damages are subject to the cap on punitive damages imposed by Ala. Code § 6-11-21 (1975).

37.    Defendant asserts that the acts complained of in the Complaint arose as a result of the acts or omissions of others over whom Defendant had no control and that Defendant is therefore not liable for any of the damages claimed in the Complaint.

38.    Defendant asserts the defense of lack of standing.

39.     Defendant asserts the defense of failure to join the real party in interest.

40.     Defendant asserts spoliation of evidence as a defense to the Complaint.

41.     Defendant asserts the defense of unclean hands.

42.     Defendant reserves the right to amend their answer to include additional

defenses as discovery progresses.

Respectfully submitted,

**s/ H.C. Ireland, III**
H.C. Ireland, III   (IRE001)
J. Michael Cooper (COO037)
Attorneys for Defendant, Mad Engine, Inc.
PORTERFIELD, HARPER, MILLS, MOTLOW &
IRELAND, PA
22 Inverness Center Parkway, Suite 600
Birmingham, Alabama 35242-4821
Telephone: 205.980.5000
Facsimile: 205.980.5001
Email: ireland@phm-law.com
          jmc@phm-law.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **ALLEN PEARL and RACHEL** | ) | |
| **PEARL, as** | ) | |
| **parents and next friends to** | ) | |
| **BRODIE A. PEARL, a minor,** | ) | |
| | ) | **Case No.: 7:12-CV-02850-TMP** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MAD ENGINE, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the foregoing on the following by filing same with the CM/ECF system, which will send electronic notice to:

Byron G. McMath
Ontkeno K. Boman
McMATH LAW FIRM, P.C.
301 West 20th Street
Jasper, Alabama 35501
Telephone: 205-221-2826
Facsimile: 205-221-4680
Email: byronlaw@bellsouth.net
        Byronlaw5@bellsouth.net

Done this the 5th day of September, 2012.

                                        **s/H. C. Ireland, III**
                                        OF COUNSEL